Michael Kind, Esq. (SBN: 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Sara Khosroabadi, Esq. (SBN 13703)
HYDE & SWIGART
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
Fax: (619) 297-1022
sara@westcoastlitigation.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Jolene B. Macrae*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jolene B. Macrae,<br><br>          Plaintiff,<br>v.<br><br>Security Finance Corporation of Nevada, Wells Fargo Bank, N.A., Royal Management, LLC *dba* Courtesy Loans, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union LLC,<br><br>          Defendants. | Case No.: 2:16-cv-02856<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.   The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Report-ing Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.   The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3.   Jolene B. Macrae ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Security Finance Corporation of Nevada ("Security"), Wells Fargo Bank, N.A. ("Wells Fargo"), Royal Management, LLC *dba* Courtesy Loans ("Royal"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

("TransUnion") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

4.  Defendants failed to properly investigate Plaintiff's disputes and update and correct Plaintiff's credit information, damaging Plaintiff's creditworthiness and causing Plaintiff further injury.

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; Smith v. Community Lending, Inc., 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6.  This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, TransUnion, Equifax and Experian each have a registered agent of service in Nevada and is listed with the Nevada Secretary of State and Defendants do business in Nevada.

## PARTIES

8.  Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.  Defendant Security is a corporation doing business in the State of Nevada.

10.  Defendant Security is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

11.  Defendant Wells Fargo is a corporation doing business in the State of Nevada.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

12. Defendant Wells Fargo is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

13. Defendant Royal is a corporation doing business in the State of Nevada.

14. Defendant Royal is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Georgia.

16. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

17. Defendant TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Deleware.

18. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### GENERAL ALLEGATIONS

19. On or about December 19, 2014, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. Plaintiff's case was assigned Case Number 14-18332-mkn  (the "Chapter 7" or "Bankruptcy").

20. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

21. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

22. None of the Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal liability*.

23. Plaintiff received a discharged on March 24, 2015.

24. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on March 24, 2015.

25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

26. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

27. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

28. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

29. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

30. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

31. On information and belief, Defendants herein adopted and at all times relevant implemented the Metro 2 format.

32. On information and belief, each furnisher-Defendant named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

33. Despite Metro 2 Format's instructions, each furnisher-Defendant named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below.

34. To this end, the adverse reporting on the Plaintiff's report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

35. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually

accurate data.  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## — THE EQUIFAX VIOLATIONS —

### Security Misreported Credit Information

### RE: Account No. 1 (Date Opened 5/1/2011)

36.  In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $145, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

37.  On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

38.  Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

39.  Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

40.  Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

41.  On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

42. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

43. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

44. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, Security and Equifax still inaccurately reported that there was a "scheduled payment amount" of $145, even though Plaintiff was discharged on March 24, 2015.  Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

45. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

46. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

47. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

48. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

49. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

50. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 2/01/2011)**

51. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were made or due on this account creating the misleading and false impression that a debt was still owed and due.

52. Security also inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

53. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

54. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

55. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

56. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

57. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

58. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

59. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

60. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report.   Specifically, Security and Equifax still inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015. Security and Equifax also still inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015.   Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

61. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

62. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

63. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

64. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

65. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

66. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 10/01/2010)**

67. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were made or due on this account creating the misleading and false impression that a debt was still owed and due.

68. Security also inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

69. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

70. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

71. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

72. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

73. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

74. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

75. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

76. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015. Security and Equifax also still inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

77. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

78. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

79. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

80. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

81. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Security Misreported Credit Information
### RE: Account No. 1 (Date Opened 7/01/2010)

82. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were made or

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

due on this account creating the misleading and false impression that a debt was still owed and due.

83. Security also inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

84. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

85. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

86. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

87. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

88. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

89. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

90. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

91. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was an "actual payment amount" of $120, even though Plaintiff was discharged on March 24, 2015. Security and Equifax also still inaccurately reported that there was a "scheduled payment amount" of $120, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

92. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

93. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

94. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

95. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

96. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

97. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 4/01/2010)**

98. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

99. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

100. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

101. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

102. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

103. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

104. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

105. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

106. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

107. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

108. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

109. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

110. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

111. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation

credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

112. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 12/01/2009)**

113. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

114. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

115. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

116. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

117. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

118. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

119. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

120. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

121. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

122. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

123. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

124. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

125. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

126. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

127. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 9/01/2009)**

128. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was an "actual payment amount" of $107, even though Plaintiff was discharged on March 24, 2015 and no payments were made or due on this account creating the misleading and false impression that a debt was still owed and due.

129. Security also inaccurately reported that there was a "scheduled payment amount" of $107, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

130. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

131. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

132. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

133. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

134. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

135. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

136. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

137. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report.    Specifically, Security and Equifax still inaccurately reported that there was an "actual payment amount" of $107, even though Plaintiff was discharged on March 24, 2015. Security and Equifax also still inaccurately reported that there was a "scheduled payment amount" of $107, even though Plaintiff was discharged on March 24, 2015.    Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

138. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

139. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

140. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

141. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

142. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

143. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 4/01/2009)**

144. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $84, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

145. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported

obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

146. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

147. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

148. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

149. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

150. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

151. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

152. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was a "scheduled payment amount" of $84, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

153. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

154. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

155. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

156. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

157. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

158. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 2/01/2009)**

159. In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was an "actual payment amount" of $84, even though Plaintiff was discharged on March 24, 2015 and no payments were made or

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

due on this account creating the misleading and false impression that a debt was still owed and due.

160. Security also inaccurately reported that there was a "scheduled payment amount" of $84, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

161. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

162. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

163. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

164. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

165. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

166. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

167. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

168. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was an "actual payment amount" of $84, even though Plaintiff was discharged on March 24, 2015. Security and Equifax also still inaccurately reported that there was a "scheduled payment amount" of $84, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged

169. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

170. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

171. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

172. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

173. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

174. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Security Misreported Credit Information**

**RE: Account No. 1 (Date Opened 6/01/2008)**

175. 4In an Equifax credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $73, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

176. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Security's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Security.

177. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

178. Upon receiving the Equifax Dispute Letter, Equifax timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

179. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

180. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Security and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

181. Security and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

182. Security and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

183. Security and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Security and Equifax still inaccurately reported that there was a "scheduled payment amount" of $73, even though Plaintiff was discharged on March 24, 2015. Security and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

184. Security and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

185. Due to Security's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

186. Plaintiff's continued efforts to correct Security's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and Equifax were fruitless.

187. Security's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

188. Also as a result of Security's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

189. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Wells Fargo Misreported Credit Information**

**RE: Account No. 8134**

190. In an Equifax credit report dated August 31, 2016, Wells Fargo inaccurately reported that there was a "scheduled payment amount" of $418, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

191. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Wells Fargo's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Wells Fargo.

192. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

193. Upon receiving the Equifax Dispute Letter, Equifax timely notified Wells Fargo of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

194. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

195. On or about November 4, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6291072334) that Wells

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

Fargo and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

196. Wells Fargo and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

197. Wells Fargo and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

198. Wells Fargo and Equifax reported inaccurate derogatory information on Plaintiff's report. Specifically, Wells Fargo and Equifax now inaccurately reported that there was an "actual payment amount" of $12,048, even though Plaintiff was discharged on March 24, 2015 and no payments were made or due on this account creating the misleading and false impression that a debt was still owed and due. Wells Fargo and Equifax further failed to update the account to reflect that it was included in bankruptcy and discharged.

199. Wells Fargo and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

200. Due to Wells Fargo's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

201. Plaintiff's continued efforts to correct Wells Fargo's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Wells Fargo and Equifax were fruitless.

202. Wells Fargo's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

203. Also as a result of Wells Fargo's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

204. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Wells Fargo and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1) (D) and (E).

## — THE EXPERIAN VIOLATIONS —
### Royal Misreported Credit Information
### RE: Account No. 617

205. In an Experian credit report dated August 31, 2016, Royal inaccurately reported that it "charged off" the account on multiple occasions from December 2013 to November 2014. This was inaccurate, since Royal could only report it charged off the account once and, in fact, did not charge off the account more than once.

206. On or about September 29, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Royal's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Royal.

207. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

208. Upon receiving the Experian Dispute Letter, Experian timely notified Royal of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

209. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

210. On or about November 6, 2016, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 2974-6787-45) that Royal and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

211. Royal and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

212. Royal and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

213. Royal and Experian reported inaccurate derogatory information on Plaintiff's report. Specifically, Royal and Experian now inaccurately reported that the Plaintiff was 180 days past due in October 2016. This was inaccurate, since the Plaintiff obtained a discharge on March 24, 2015 and was not past due in October 2016.

214. Royal and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

215. Due to Royal's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

216. Plaintiff's continued efforts to correct Royal's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Royal and Experian were fruitless.

217. Royal's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

218. Also as a result of Royal's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

219. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Royal and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### — THE TRANSUNION VIOLATIONS —
### Security Misreported Credit Information
### RE: Account No. 7940

220. In a TransUnion credit report dated August 31, 2016, Security inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015 and no payments were due on this account creating the misleading and false impression that a debt was still owed and due.

221. On or about September 29, 2016, Plaintiff disputed Security's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by Security.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

222. Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

223. Upon receiving the TransUnion Dispute Letter, TransUnion timely notified Security of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

224. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

225. On or about November 3, 2016, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No. 340770854) that Security and TransUnion received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

226. Security and TransUnion failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

227. Security and TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

228. Security and TransUnion re-reported the inaccurate derogatory information on Plaintiff's report.   Specifically, Security and TransUnion still inaccurately reported that there was a "scheduled payment amount" of $112, even though Plaintiff was discharged on March 24, 2015.  Security and TransUnion further noted the account as ">Maximum Delinquency of 30 days past due in 02/2010<" and did not report that this account was included and discharged in bankruptcy.

229. Security and TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

230. Security and TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

231. Due to Security's and TransUnion's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

232. Plaintiff's continued efforts to correct Security's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Security and TransUnion were fruitless.

233. Security's and TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

234. Also as a result of Security's and TransUnion's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

235. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Security and TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1) (D) and (E).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 *ET SEQ.*

236. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

237. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

238. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

239. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance with the FCRA; and

- Any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas. NV 89117

**TRIAL BY JURY**

240.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


DATED this 9th day of December 2016.

Respectfully submitted,


**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiff*